# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-cr-00239-SRB-1 |
| v. ) | |
| ) | |
| ROBERT M. TAYLOR, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Defendant Robert M. Taylor's ("Defendant") Motion to Dismiss. (Doc. #52.) As set forth below, the motion is DENIED.

On October 5, 2021, an Indictment charged Defendant with seven counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). The Indictment also charged Defendant with seven counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Defendant pled not guilty to all counts, and a jury trial is set for February 6, 2023.

On January 11, 2023, Defendant filed the pending motion. Defendant argues the Indictment should be dismissed for violations of Federal Rule of Criminal Procedure 5(a)(1)(A) and Rule 48(b). The Government opposes the motion.

Under Rule 5(a)(1)(A) "a person making an arrest within the United States must take the defendant without necessary delay before a magistrate judge, or before a state or local judicial officer[.]" Fed. R. Crim. P. 5(a)(1)(A). Rule 48(b) provides that "[t]he court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a

grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial." Fed. R. Crim. P. 48(b).

Defendant argues he was subjected to undue delay in being brought before a judge. Specifically, Defendant contends that he:

> was arrested after a traffic stop on August 19, 2021, in Jackson County, Kansas City, Missouri. He was interrogated that same day by Task Force Officer Vernon Huth. On August 19 or August 20, 2021, Mr. Taylor was released to Jackson County Jail for a warrant in a probation violation case. Mr. Taylor was released on an ROR bond on August 20, 2021. That same day, rather than taking Mr. Taylor to the federal court of the Western District of Missouri for processing and to file a complaint against him, Task Force Officer Huth transported Mr. Taylor to the Independence Jail. The records at the Independence Jail show that he was detained on a 'federal hold.' On August 23, 2021, a complaint was filed in the Western District of Missouri and a warrant was subsequently issued. Mr. Taylor was released from Independence and transported to federal custody on that date. The police had no legitimate reason to transport Mr. Taylor to Independence and they had no legitimate law enforcement reason to book him into the Independence Jail. This illegal detention and diversion of Mr. Taylor was in violation of Rule 5(a)(1)(A) and 48(b)(2) and Mr. Taylor's civil rights and caused an unnecessary delay in taking him before a judge.

(Doc. #52, pp. 1-3.) Based on these alleged facts, Defendant moves to dismiss the Indictment.

Upon review, the Court rejects Defendant's arguments. In *United States v. Young*, Case No. 18-00175-01-CR-W-DGK, 2020 WL 593801 (W.D. Mo. Jan. 22, 2020), the Court recognized that "Rules 48(b) and 5(a)(1)(A) only apply after the defendant is taken into federal custody. Defendant Young was in the custody of state police until the Criminal Complaint and arrest warrant were issued. There was no showing . . . that the state and federal officers were working together to circumvent the federal rules." *Id.* at *2. In addition, "the appropriate remedy for a violation of Rule 5(a)(1)(A) is not dismissal of an indictment, but suppression of evidence illegally obtained as a result of the violation." *Id.* (citing *United States v. Cooke*, 853 F.3d 464, 471 (8th Cir. 2017)).

2

The Court finds persuasive and adopts the reasoning in *Young*. In this case, there is no indication that state and federal officers engaged in joint misconduct to violate Defendant's rights. *Young*, 2020 WL 593801, at *2. Although Defendant argues "the actions of the agents rise to the level of intentional and vexatious delay and unreasonable harassment," this assertion is not supported by any evidence or the record. (Doc. #53, p. 2.) Finally, even if Defendant had shown a technical violation of Rule 5(a)(1)(A) and Rule 48(b)—which he has not—dismissal is not an available remedy. *Cooke*, 853 F.3d at 471.

Accordingly, Defendant Robert M. Taylor's Motion to Dismiss (Doc. #52) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2023